IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS D. DeMARTINO | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-372 |
| | § | Judge Clark/Judge Mazzant |
| CALEB J. GOLSTON and UNIVERSITY OF | § | |
| OKLAHOMA (at Norman), a public | § | |
| Corporation | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 7, 2013, four reports of the Magistrate Judge were entered containing proposed findings of fact and recommendations pertaining to the following: (1) that defendant State of Oklahoma's Motion to Dismiss [Doc. #13] be denied [Doc. #27]; (2) that plaintiff's Motion for Default Judgment [Doc. #11] be denied [Doc. #28]; (3) that plaintiff's Motions for Summary Judgment [Doc. #12 and #20] be denied [Doc. #29]; and (4) that plaintiff's Motion for Preliminary, Permanent Injunctive Relief [Doc. #21] be denied [Doc. #30]. On January 25, 2013, plaintiff filed objections to the reports [Doc. #33].

Plaintiff first objects to the Magistrate Judge handling this matter, asserting that the Magistrate Judge has no authority to handle these matters. Plaintiff also asserts that he did not consent to the Magistrate Judge's handling of this matter. This objection is misplaced and has no

basis in law. First, the plaintiff did not consent to the Magistrate Judge and this case was not assigned to the Magistrate Judge as a consent case. Consent is not necessary for the Magistrate Judge to handle this case for pretrial purposes. Second, this case was assigned to the Magistrate Judge for all pretrial purposes pursuant to 28 U.S.C. § 636(b) and Local Rule CV-72. Under this referral, the Magistrate Judge will issue report and recommendations on dispositive motions, and any party may file objections. If timely objections are filed, the court will review the Magistrate Judge's decision de novo. This objection is overruled. The Magistrate Judge will continue to handle this case for pretrial purposes.

    Plaintiff next objects that he did not admit to personal jurisdiction. Although this is not a proper objection, plaintiff filed this lawsuit in this court and thus has subjected himself to this court's jurisdiction. Plaintiff is free to dismiss this lawsuit if he does not want to be subject to this court's jurisdiction.

    Plaintiff next objects to being referred to as a *pro se* plaintiff. It appears that plaintiff sees the use of this term as a negative term. The use of the term *pro se* only means that plaintiff is representing himself without the assistance of a lawyer. There is nothing improper with the Magistrate Judge referring to him as a *pro se* plaintiff.

    Plaintiff next objects that the "magistrates determination and 'report,' is false evidence, and fraud." This objection is overruled. It is unclear what plaintiff's objection is. To the extent that this is an objection to the Magistrate Judge's jurisdiction to handle this matter, the court has overruled that objection because it has no merit.

    The next series of so-called objections are merely frivolous and seem to attack the court's jurisdiction in this matter or are baseless attacks on the Magistrate Judge and the court. These kinds

of baseless attacks are not proper in these proceedings. Again, plaintiff filed this lawsuit in this court and, while this case is pending, he is subject to the jurisdiction of this court.

Plaintiff next objects to the handling of the University's motion to dismiss, simply asserting that the University has knowledge of the complaint. This objection has no merit and is overruled. The Magistrate Judge is correct that plaintiff failed to prepare proper summons and the University was not properly served. The University attempted to point this out to plaintiff, but he took no corrective action. If plaintiff desires to proceed with this lawsuit against the University, he shall prepare service of process for the University within twenty (20) days after the entry of this order.

Plaintiff next objects to the denial of his motion for default judgment because the clerk of the court should have entered the default. This objection has no merit and is overruled. Plaintiff failed to show proper service on the University and was not entitled to a default judgment.

Plaintiff next objects to the denial of his motions for summary judgment, asserting that the court's referral to him as *pro se* shows some bias against him. Plaintiff also questions why no fact finding was made as to Golston, "which means the court has no intention to remedy this dispute." Again, the court's use of *pro se* is not a negative but merely a statement of fact that he is representing himself. A summary judgment against the University is not proper because the University has not been properly served. The court also finds no error in the denial of the summary judgment against Golston. Plaintiff has not met his burden for granting a summary judgment.

Plaintiff next objects to the denial of his request for an injunction. The court agrees with the Magistrate Judge that there is no basis for an injunction at this time and plaintiff fails to offer sufficient basis for granting such relief.

Having received the reports of the United States Magistrate Judge, and considering the

objections thereto filed by plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the Motion to Dismiss filed by Defendant, State of Oklahoma ex rel. the Board of Regents of the University of Oklahoma, incorrectly designated as "University of Oklahoma (at Norman), a public Corporation" is [Doc. #13] is DENIED. Plaintiff shall prepare service of process on the University within twenty (20) days of this Order, after which the Clerk of the Court will issue process and the United States Marshal shall serve process upon the University. Failure of plaintiff to prepare service of process within twenty (20) days of this order will result in the dismissal of the University from the lawsuit.

It is further **ORDERED** that plaintiff's Motion for Default Judgment [Doc. #11] is DENIED.

It is further **ORDERED** that plaintiff's Motions for Summary Judgment [Doc. #12 and #20] are DENIED.

It is further **ORDERED** that plaintiff's Motion for Preliminary, Permanent Injunctive Relief [Doc. #21] is DENIED.

So **ORDERED** and **SIGNED** on March  8  , 2013.

_Ron Clark_
_____
Ron Clark
United States District Judge